[Cite as *State v. McCarty*, 2012-Ohio-1721.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J. |
| | Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 11 CA 14 |
| CHAD D. McCARTY | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:    Criminal Appeal from the Mount Vernon
                            Municipal Court, Case No.  11CRB149


JUDGMENT:                   Reversed and Vacated


DATE OF JUDGMENT ENTRY:     April 18, 2012


APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

WILLIAM D. SMITH                    JOHN A. DANKOVICH
DIRECTOR OF LAW                     PUBLIC DEFENDER
P. ROBERT BROEREN, JR.              One Public Square
ASSISTANT DIRECTOR OF LAW           Mount Vernon, Ohio  43050
5 North Gay Street, Suite 222
Mount Vernon, Ohio  43050

*Wise, J.*

{¶1} Defendant-Appellant Chad D. McCarty appeals his conviction and sentence entered in the Mount Vernon Municipal Court on one count of Intimidation.

{¶2} Plaintiff-Appellee is the State of Ohio.

### STATEMENT OF THE FACTS AND CASE

{¶3} On or about February 9, 2011, the City of Mount Vernon, Ohio subpoenaed John Fisher to testify for the prosecution in a criminal case styled the City of Mount Vernon, Ohio v. James A. Elkins, case 10TRC01583. The case was scheduled to be tried to a jury on February 24, 2011.

{¶4} On February 15, 2011, at the request of Mr. Elkins, Appellant travelled to Mr. Fisher's work place in Morrow County, Ohio and attempted to convince Mr. Fisher not to appear and testify against Mr. Elkins through a variety of ploys.

{¶5} Mr. Fisher reported the contact to both the Office of the Knox County Sheriff and the Office of Mount Vernon City Law Director, who requested that the Mount Vernon City Police Department investigate the matter.

{¶6} As a result of such investigation, Appellant was arrested on February 16, 2011, and charged with one count of Intimidation, in violation of §2921.04(A).

{¶7} On March 23, 2011, Defendant filed a Motion to Dismiss for lack of Jurisdiction.

{¶8} On March 25, 2011, the State filed a Motion in Opposition, and on March 29, 2011, Defendant filed a response.

{¶9} On April 6, 20 11, the Court entered judgment overruling Defendant's Motion to Dismiss and finding that Mt. Vernon Municipal Court was the proper venue.

{¶10} On June 6, 2011, Defendant changed his plea to no contest and was found guilty of Intimidation by the trial court.

{¶11} Appellant now appeals, assigning the following sole error for review:

**ASSIGNMENT OF ERROR**

{¶12} "I. THE TRIAL COURT ERRED IN FAILING TO DISMISS THIS CASE FOR LACK OF TERRITORIAL SUBJECT MATTER JURISDICTION."

**I.**

{¶13} In his sole assignment of error, Appellant argues that the trial court lacked subject matter jurisdiction in this matter and erred in not dismissing his case. We agree.

{¶14} More specifically, Appellant argues that the Mount Vernon Municipal Court only has jurisdiction in Knox County, and that because the actions he allegedly took which resulted in the Intimidation charge occurred in Morrow County, Mount Vernon Municipal Court did not have subject matter jurisdiction over this matter.

{¶15} Pursuant to R.C. 1901.01(B), Territorial Jurisdiction:

{¶16} "The Mount Vernon municipal court has jurisdiction within Knox County."

{¶17} Further, R.C. 2901.12 Venue, provides:

{¶18} "(A) The trial of a criminal case in this state shall be held in a court having jurisdiction of the subject matter, and in the territory of which the offense or any element of the offense was committed."

{¶19} In this case, Appellant was charged with Intimidation of crime victim or witness pursuant to R.C. 2921.04(A), which states:

{¶20} "(A) No person shall knowingly attempt to intimidate or hinder the victim of a crime in the filing or prosecution of criminal charges or a witness involved in a criminal action or proceeding in the discharge of the duties of the witness."

{¶21} The State argues that "duty" of the witness in this case, having been duly subpoenaed, was to appear in the Mount Vernon Municipal Court to testify against James Elkins. The State argues therefore that the element of "attempt to intimidate or hinder" occurred in Knox County and Mount Vernon Municipal Court had subject matter jurisdiction to hear this matter.

{¶22} We are not persuaded by the State's argument. While it is true that the case in which the witness was subpoenaed to testify is located in Knox County, the witness was in Morrow County and the act of intimidation occurred in Morrow County. We therefore find that Knox County lacked subject matter jurisdiction in this case and that such matter should have been brought in Morrow County.

{¶23} Based on the foregoing, we find that the trial court erred in denying Appellant's Motion to Dismiss.

{¶24} The judgment of the Mount Vernon Municipal Court, Knox County, Ohio, is hereby reversed, and Appellant's conviction and sentence in this matter are vacated.

By: Wise, J.
Gwin, P. J., and
Farmer, J., concur.

_____

_____

_____

JUDGES

JWW/d 0326

IN THE COURT OF APPEALS FOR KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                                    :
                                                 :
    Plaintiff-Appellee                           :
                                                 :
-vs-                                             :                JUDGMENT ENTRY
                                                 :
CHAD D. McCARTY                                  :
                                                 :
    Defendant-Appellant                          :                Case No. 11 CA 14


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Mount Vernon Municipal Court, Knox County, Ohio, is reversed. Appellant's conviction and sentence in this matter are vacated.

Costs assessed to Appellee.


_____


_____


_____

JUDGES